UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINSTON SHINES,

      Plaintiff,

v.                                                    Case No: 15-cv-11599

WAYNE STATE UNIVERSITY,                               Hon. Gershwin A. Drain
A Michigan Corporation,

      Defendant.

---

Lance W. Mason (P43926)              Elizabeth P. Hardy (P37426)
LANCE W. MASON, P.C.                 Thomas J. Davis (P78626)
Attorneys for Plaintiff              KIENBAUM OPPERWALL HARDY
615 Griswold, Suite 901              & PELTON, P.L.C.
Detroit, Michigan 48226-3894         Attorneys for Defendant
(313) 967-9016 (office)              280 North Old Woodward Avenue
(313) 964-4789 (facsimile)           Suite 400
lancewmason@yahoo.com                Birmingham, Michigan 48009
                                     (248) 645-0000
                                     (248) 645-1385 (facsimile)
                                     ehardy@kohp.com
                                     tdavis@kohp.com

---

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Wayne State University ("Defendant") by and through its undersigned counsel, request that the Court enter summary judgment in its favor, pursuant to Federal Rule of Civil Procedure 56, and dismiss Plaintiff's Complaint in its entirety with prejudice.  Defendant relies upon the accompanying brief and exhibits in support of its motion for summary judgment.

Defendant's counsel sought concurrence from Plaintiff's counsel, explaining the nature of the motion and its legal basis.  Plaintiff's counsel did not concur, necessitating this motion.

> Respectfully submitted,
>
> KIENBAUM OPPERWALL
>  HARDY & PELTON, P.L.C.
>
>
> By: */s/Elizabeth P. Hardy*
>      Elizabeth P. Hardy (P37426)
>      Thomas J. Davis (P78626)
> Attorneys for Defendant
> 280 N. Old Woodward Avenue, Suite 400
> Birmingham, MI  48009
> (248) 645-0000
> ehardy@kohp.com
> tdavis@kohp.com

Dated:  June 10, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINSTON SHINES,

     Plaintiff,

v.                                                                Case No: 15-cv-11599

WAYNE STATE UNIVERSITY,                 Hon. Gershwin A. Drain
A Michigan Corporation,

     Defendant.

_____

Lance W. Mason (P43926)              Elizabeth P. Hardy (P37426)
LANCE W. MASON, P.C.                 Thomas J. Davis (P78626)
Attorneys for Plaintiff              KIENBAUM OPPERWALL HARDY
615 Griswold, Suite 901              & PELTON, P.L.C.
Detroit, Michigan 48226-3894         Attorneys for Defendant
(313) 967-9016 (office)              280 North Old Woodward Avenue
(313) 964-4789 (facsimile)           Suite 400
lancewmason@yahoo.com                Birmingham, Michigan 48009
                                     (248) 645-0000
                                     (248) 645-1385 (facsimile)
                                     ehardy@kohp.com
                                     tdavis@kohp.com

_____

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

_____

## **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED...................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................v

INDEX OF AUTHORITIES .................................................................... vi

I.  INTRODUCTION............................................................................1

II. FACTS .........................................................................................3

    A.  Background Regarding Plaintiff's Employment at Wayne State.................3

    B.  The Complaint of Harassment Against Plaintiff, Investigation, and
        Termination of Plaintiff's Employment.........................................4

    C.  After His Termination, Plaintiff Filed An EEOC Charge Alleging That It
        Was He Who Was Sexually Harassed. .........................................6

III. STANDARD FOR SUMMARY JUDGMENT .............................................7

IV. ARGUMENT..................................................................................8

    A.  The Court Should Grant Summary Judgement in Favor of Wayne State
        on Plaintiff's Claim of Gender Discrimination.............................8

        1.  Standard of Proof of Discrimination Under *McDonnell Douglas*..........8

        2.  Plaintiff Cannot Establish A *Prima Facie* Case of Gender
            Discrimination.............................................................10

        3.  Plaintiff Has No Evidence to Show that Wayne State's Reason for
            his Termination was a Pretext for Gender Discrimination. ...................11

B. Plaintiff Does Not Establish A *Prima Facie* Case of Hostile Work
Environment Based on Sex or Gender......................................................14

   1. Proof of Hostile Work Environment......................................................14

   2. Plaintiff Does Not Allege Severe and Pervasive Conduct Based
on Sex..................................................................................................16

C. Summary Judgment Should be Granted on Plaintiff's Retaliation
Claim. ......................................................................................................20

   1. Standard of Proof of Retaliation ..........................................................20

   2. Plaintiff's Retaliation Claim is Without Merit .....................................21

D. Plaintiff's Claims of Gender Discrimination and Retaliation Under Title
VII Should Be Dismissed Because He Did Not Bring Such Allegations
in His EEOC Charge. ...............................................................................22

V. CONCLUSION .................................................................................................24

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Should summary judgment be granted in favor of Wayne State University on Plaintiff's claim of hostile work environment sexual harassment?

Wayne State answers "Yes."


2.      Should summary judgment be granted in favor of Wayne State University on Plaintiff's gender discrimination claim?

Wayne State answers "Yes."


3.      Should summary judgment be granted in favor of Wayne State University on Plaintiff's claim of retaliation?

Wayne State answers "Yes."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Braithwaite v. Timken Co.*,
  258 F.3d 488 (6th Cir. 2001)

*Curry v. SBC Comm., Inc.*,
  669 F. Supp.2d 805 (E.D. Mich. 2009)

*Loyd v. St. Joseph Mercy Oakland/Trinity Health SJMO Pub. Safety Dep't*,
  2013 WL 4805751 (E.D. Mich. Sept. 9, 2013), *aff'd*, 766 F.3d 580 (6th Cir.
  2014)

*Majewski v. Automatic Data Processing, Inc.*,
  274 F.3d 1106 (6th Cir. 2001)

*Michael v. Caterpillar Fin. Servs. Corp.*,
  496 F.3d 584 (6th Cir. 2007)

*Reisinger v. Ann Arbor Nights, Inc.*,
  2008 WL 5062888 (E.D. Mich. Nov. 25, 2008)

*Sanford v. AXA Equitable Life Ins. Co.*,
  2010 WL 5088809 (E.D. Mich. Dec. 8, 2010)

*Sperber v. Nicholson*,
  342 F. App'x 131 (6th Cir. 2009)

*Thomas v. Avon Products, Inc.*,
  276 F. App'x 484 (6th Cir. 2008)

*Tingle v. Arbors at Hilliard*,
  692 F.3d 523 (6th Cir. 2012)

# INDEX OF AUTHORITIES

## Cases

*Allen v. Michigan Dep't of Corrections*,
    165 F.3d 405 (6th Cir. 1999) ...............................................................20

*Almon v. Goodyear Tire & Rubber Co.*,
    2009 WL 1421199, at *7 (D. Kan. May 20, 2009) ..............................14

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...............................................................................8

*Barrett v. Kirkland Cmty. College*,
    245 Mich. App. 306 (2001) ...................................................................20

*Bonot v. Sinseki*,
    2009 WL 3125709, *14 (E.D. Mich. Sept. 25, 2009) .........................19

*Braithwaite v. Timken Co.*,
    258 F.3d 488 (6th Cir. 2001) ......................................................... 12, 14

*Burlington Northern & Santa Fe Ry. v. White*,
    548 U.S. 53 (2006) ................................................................................20

*Burton v. Kroger*,
    2012 WL 1392084, at *7 (E.D. Mich. Apr. 20, 2012) .........................12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ...........................................................................7, 8

*Chen v. Dow Chem. Co.*,
    580 F.3d 394 (6th Cir. 2006) ...............................................................12

*Christiansburg Garment Co. v. EEOC*,
    434 U.S. 412 (1978) .............................................................................24

*Corley v. Detroit Bd. of Educ.*,
    470 Mich. 274 (2004) ...........................................................................15

*Curry v. SBC Comm., Inc.*,
  669 F. Supp.2d 805 (E.D. Mich. 2009) ...................................................13

*Duggins v. Steak 'N Shake, Inc.*,
  195 F.3d 828 (6th Cir.1999) ..................................................................22

*Ercegovich v. Goodyear Tire & Rubber Co.*,
  154 F.3d 344 (6th Cir. 1998) .................................................................10

*Faragher v. City of Boca Raton*,
  524 U.S. 775 (1998) ...............................................................................15

*Harris v. Forklift Sys., Inc.*,
  510 U.S. 17 (1993) .................................................................................15

*Hayes v. Best Brands Corp.*,
  2011 WL 3847160, at *4 (D. Kan. Aug. 26, 2011)................................14

*Haynie v. State of Michigan*,
  468 Mich. 302 (2003) .............................................................................15

*Knox v. Neaton Auto Prods. Mfg.*,
  375 F.3d 451 (6th Cir. 2004) .................................................................15

*Lester v. Logan's Roadhouse, Inc.*,
  2014 WL 346719, at *8 (W.D. Tenn. Jan. 30, 2014) ...........................11

*Loyd v. St. Joseph Mercy Oakland/Trinity Health SJMO Pub. Safety Dep't*,
  2013 WL 4805751, at *4 (E.D. Mich. Sept. 9, 2013), *aff'd sub nom. Loyd v.*
  *Saint Joseph Mercy Oakland*, 766 F.3d 580 (6th Cir. 2014) ...............12

*Lytle v. Malady (On Rehearing)*,
  458 Mich. 153 (1998) ...............................................................................9

*Majewski v. Automatic Data Processing, Inc.*,
  274 F.3d 1106 (6th Cir. 2001) ...............................................................12

*Maki v. Laakko*,
  88 F.3d 361 (6th Cir. 1996) .....................................................................8

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) ............................................................................8, 9

*Michael v. Caterpillar Fin. Servs. Corp.*,
    496 F.3d 584 (6th Cir. 2007) .................................................................. 12, 20, 21

*Mitchell v. Toledo Hosp.*,
    964 F.2d 577 (6th Cir. 1992) ........................................................................ 8, 10

*Oncale v. Sundowner Offshore Servs., Inc.*,
    523 U.S. 75 (1998) .............................................................................................16

*Peltier v. United States*,
    388 F.3d 984 (6th Cir. 2004) ..............................................................................9

*Reisinger v. Ann Arbor Nights, Inc.*,
    2008 WL 5062888, *7 (E.D. Mich. Nov. 25, 2008) ..........................................19

*Robinson v. Radian, Inc.*,
    624 F. Supp.2d 617 (E.D. Mich. 2008) .............................................................21

*Rymal v. Baergen*,
    262 Mich. App. 274 (2004) ...............................................................................20

*Sanford v. AXA Equitable Life Ins. Co.*,
    2010 WL 5088809 (E.D. Mich. Dec. 8, 2010)...................................................13

*Smith v. Chrysler Corp.*,
    155 F.3d 799 (6th Cir. 1998) .............................................................................12

*Sperber v. Nicholson*,
    342 F. App'x 131 (6th Cir. 2009).......................................................................11

*St. Mary's Honor Ctr. v. Hicks*,
    509 U.S. 502 (1993) .............................................................................................9

*Texas Department of Community Affairs v. Burdine*,
    450 U.S. 248 (1981) .............................................................................................9

*Thomas v. Avon Products, Inc.*,
    276 F. App'x 484 (6th Cir. 2008).......................................................................21

*Tingle v. Arbors at Hilliard*,
    692 F.3d 523 (6th Cir. 2012) ........................................................................ 12, 14

*Town v. Michigan Bell Tel. Co.*,
   455 Mich. 688 (1997) ............................................................................9

*White v. Baxter Healthcare Corp.*,
   533 F.3d 381 (6th Cir. 2008) ..............................................................8, 9

*Williams v. Ford Motor Co.*,
   187 F.3d 533 (6th Cir. 1999) .................................................................8

*Williamson v. BASF Corp.*,
   2007 WL 172533, at *8 (E.D. Mich. Jan. 19, 2007) ...........................20

## **Statutes**

42 U.S.C. § 2000 ..................................................................... 7, 22

MCL 37.2101 ................................................................................7

## **Rules**

Fed. R. Civ. P. 56 ............................................................. 2, 7, 24

## I.    <u>INTRODUCTION</u>

Plaintiff Winston Shines was a 48-year old administrative assistant in the Office of Equal Opportunity ("OEO") at Wayne State University.  The OEO is responsible for ensuring compliance with Wayne State policies prohibiting discrimination and harassment against students and employees, including sexual harassment.  In November 2014, a 22-year old female student who also worked in the OEO complained that Plaintiff attempted to kiss her on the lips.  Wayne State hired an experienced employment attorney to investigate the allegations.  She interviewed all employees in the OEO and concluded that the complainant was credible.  Because this type of behavior is unacceptable, especially when perpetrated by an individual employed in the OEO, Plaintiff was given the opportunity to resign or be terminated.  He did not resign, and his employment was terminated.

Plaintiff now sues, alleging he was the victim of sexual harassment and that he was discriminated against based on his gender and subject to retaliation.  He claims that the young woman who complained of his misconduct actually put her cheek up towards him and attempted to solicit a kiss on the cheek from Plaintiff, his co-workers asked him whether he was having a relationship with a female who came into the office, his male co-worker looked at Plaintiff's LinkedIn profile and looked up Plaintiff's salary, and the female student was at a restaurant near campus

1

and smiled at Plaintiff – all of which he says constitute sexual harassment. Obviously, these alleged actions are not based on sex, and to equate them with severe and pervasive sexual harassment permeating the work environment is absurd. Further, he did not complain of these supposed incidents until after his termination.

Plaintiff's allegations that he was terminated as a result of gender discrimination and retaliation also cannot survive summary judgment. It is undisputed that Plaintiff was terminated by a male decision-maker based on the results of a thorough investigation. The decision was reasonably informed and considered, and the decision-maker had an honest belief that Plaintiff engaged in the conduct of which he was accused. There is no evidence that Plaintiff's gender or retaliation was a factor in his termination. The only supposedly similarly-situated employee Plaintiff says was treated better than Plaintiff was is a male who was in no respect similarly situated. In addition, Plaintiff did not advise anyone at Wayne State of the alleged actions and did not even engage in protected activity until after his employment had been terminated. Thus, he could not have been retaliated against.

Plaintiff's lawsuit perverts the purposes of the anti-discrimination laws, and summary judgment should be entered on all of Plaintiff's claims in favor of Wayne State pursuant to Rule 56.

## II.    <u>FACTS</u>

**A.    Background Regarding Plaintiff's Employment at Wayne State**

The Office of Equal Opportunity ("OEO") at Wayne State University is responsible for the implementation of the University's Non-Discrimination, Anti-Harassment, and Affirmative Action/Equal Opportunity policies, procedures and practices.  Tab A, Deposition of Louis Lessem at 6-7.  Its mission is to ensure that no person is discriminated against in employment, educational programs and activities on the basis of race, color, gender, national origin, sexual orientation, marital status, disability or other protected status.   The OEO receives and investigates complaints of alleged violations of the University policies against discrimination and harassment, including sexual harassment.  It also conducts anti-discrimination, diversity and sexual harassment seminars and is responsible for affirmative action and equal opportunity program planning.   *Id.* 6-7, 12-13; http://oeo.wayne.edu/ (OEO website describing the mission and functions of the OEO).

Plaintiff applied for a job in the OEO on January 4, 2013.   Tab B, Deposition of Plaintiff (hereinafter "TR")[1] at 29-30; Exhibit 2.  He was hired as a temporary employee and later was hired on as a regular employee with benefits. *Id.* at 38.  Plaintiff was 46 years old at the time he was hired.  *Id.* at 7.

---

[1] Defendant accepts as true the statements made in Plaintiff's deposition for the purposes of this motion only.

AT,[2] a 22-year old female Wayne State undergraduate, also worked in the OEO on a part-time basis in a "work-study" position.  TR 173; Lessem Dep. 28-29, 51; Tab C, Declaration of Louis Lessem ¶ 2.  She and Plaintiff shared an office, Plaintiff gave her work to do, and she was his subordinate.  TR 60, 97, 150-151; Lessem Dep. 55.

**B.**     **The Complaint of Harassment Against Plaintiff, Investigation, and Termination of Plaintiff's Employment.**

On November 25, 2014, AT advised one of the OEO investigators that Plaintiff had attempted to kiss her that day, before she left the office for Thanksgiving break.  AT met with Christopher Jones, the Director of the OEO, the next day and advised him about the incident.  She said that Plaintiff made a comment about "if things didn't work out with her boyfriend . . . ," implying Plaintiff would like to date her.  AT responded to Plaintiff that "that was not going to happen."  Plaintiff then said it again.  She was then sitting at her desk, and Plaintiff approached her from behind as if he was going to give her a hug.  AT said Plaintiff then attempted to kiss her on the lips, she turned her head, and his lips made contact with her cheek.  Lessem Dep. at 17, 19-20; Ex. 1, pp. 1-3.

The OEO Director advised his supervisor, Vice President and General Counsel Louis Lessem, about the complaint, and recommended that an

---

[2] The student will be identified by her initials to protect her privacy.  The exhibits containing her name will be filed under seal.

4

investigation be conducted and that Plaintiff be suspended with pay during the investigation.  Lessem Dep. 4-6, 14, 31-32; Ex. 1, pp. 1-6.  Mr. Lessem concurred, and Plaintiff was suspended with pay effective December 1, 2014.  *Id.*; TR at 107-08; Ex. 10.

The OEO normally would investigate a student complaint regarding inappropriate physical contact by a University employee; however, because the allegation involved employees in the OEO, OEO Director Jones recommended that an outside investigator be hired.  Lessem Dep. at 15-17, 19-21, 31-32; Ex. 1, pp. 1-6.  Mr. Lessem agreed, and hired an experienced employment attorney to conduct the investigation.  *Id.*  Tab D, Deposition of Sonja Lengnick at 5, 8, 56.  The investigator interviewed the complainant, Plaintiff, and the three other individuals who worked in the OEO.  Lessem Dep. Ex. 1, pp. 14-32; Tab E, Investigation Report dated December 19, 2014.  She drafted a 17-page report containing a summary of each interview and containing her conclusions regarding the credibility of Plaintiff, complainant and the other witnesses.  Tab E.  She reported that Plaintiff and the complainant differed as to what occurred and there were no other witnesses to the actual incident.  Tab E, p. 17.  For a variety of reasons, she concluded that the complaint was credible.  *Id.*, p. 5, 16-17.

Mr. Lessem reviewed the investigation report, and based on the report, he decided that Plaintiff could not continue in his employment with Wayne State.

5

Lessem Dep. 8, 14-18, 33, 36-40, 48, 54-55.  Plaintiff's conduct towards a work-study student was inappropriate in general, and especially inappropriate for an employee of the OEO, which is charged with enforcing the University policies prohibiting sexual harassment.  Lessem Dep. 8, 14, 39-40, 54-55.  In Mr. Lessem's view, termination was the only appropriate remedy.  The OEO was a small office, and Plaintiff and AT had to work within a few feet of each other.  *Id.* at 39.  In addition, the OEO is responsible for upholding the basic principles against discrimination and harassment.  If OEO employees are engaging in the type of conduct they are responsible for preventing, they "lose their credibility, their integrity," which, once lost, cannot be regained.  *Id.*

Thus, in a letter dated January 6, 2015, Mr. Lessem gave Plaintiff the opportunity to resign, and advised him that if he did not resign, he would be terminated.  TR 122-25; Ex. 13; Lessem Dep. 41-43; Ex. 3.  Plaintiff did not resign, and Plaintiff's employment was terminated, effective January 12, 2015. TR. 124-125.

## C.   After His Termination, Plaintiff Filed An EEOC Charge Alleging That It Was He Who Was Sexually Harassed.

Plaintiff never complained of harassment, discrimination, or any inappropriate conduct of his co-workers to Wayne State, and he did not file a Charge with the EEOC alleging sexual harassment until after his employment had been terminated.  TR at 119, 123; Ex. 15.  In Plaintiff's EEOC Charge, dated

6

January 15, 2014, he alleged that he was "subject to improper comments of a sexual nature by [his] co-workers," most recently on November 25, 2014, but he did not assert that AT supposedly attempted to solicit a kiss from Plaintiff.  TR at 119, 123; Ex. 15.  Nor did he mention his suspension or termination.  TR Ex. 15.

The EEOC dismissed the charge without investigation less than three weeks later, on February 4, 2015.  TR 140-141; Ex. 16.  Plaintiff filed his lawsuit on May 4, 2015, alleging sexual harassment, gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* and the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*  He served the Complaint on Wayne State on August 20, 2015.  Dkt. 1.

## III.   STANDARD FOR SUMMARY JUDGMENT

Under Rule 56, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"To preclude summary judgment, the nonmoving party must present

evidence, beyond his pleadings and his own conclusory statements, to establish the existence of specific triable facts." *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996). *See also Williams v. Ford Motor Co.*, 187 F.3d 533, 544 (6th Cir. 1999) (plaintiff cannot rely on conclusory affidavits to defeat summary judgment). "[R]umors, conclusory allegations and subjective beliefs [ ] are wholly insufficient evidence to sustain [plaintiff's] burden." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992). A "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party is unable to meet his burden of proof, summary judgment is proper. *Celotex*, 477 U.S. at 322-24 (internal quotes omitted).

## IV.   ARGUMENT

**A.   The Court Should Grant Summary Judgement in Favor of Wayne State on Plaintiff's Claim of Gender Discrimination.**

### 1.   Standard of Proof of Discrimination Under *McDonnell Douglas*

A plaintiff alleging gender discrimination may prove his claim using either direct or circumstantial evidence. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 n.5 (6th Cir. 2008). Where a plaintiff relies on circumstantial evidence, courts utilize a three-part burden-shifting framework in analyzing a motion for summary judgment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't*

8

*of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  Under the *McDonnell*

*Douglas* framework, the plaintiff bears the initial burden of establishing a *prima*

*facie* case of discrimination. *White*, 533 F.3d at 391. To establish a *prima facie*

case of sex discrimination, a plaintiff must demonstrate that: (1) he is a member of

a protected group; (2) he was subjected to an adverse employment decision; (3) he

was qualified for the position; and (4) similarly situated employees outside the

protected class were treated more favorably.  *Peltier v. United States*, 388 F.3d

984, 987 (6th Cir. 2004).[3]

     "Once the plaintiff establishes this *prima facie* case, the burden shifts to the

defendant to offer evidence of a legitimate, non-discriminatory reason for the

adverse employment action."  *White*, 533 F.3d at 391. If the defendant meets this

burden, "the burden shifts back to the plaintiff to show that the defendant's

proffered reason was not its true reason, but merely a pretext for discrimination."

*Id.* at 391–92.  At all times, the burden of persuasion remains with the plaintiff.  *St.*

*Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

---

[3] There may be other formulations of the prima facie case, depending on the circumstances, but here Plaintiff claims he was treated differently than similarly-situated female employees.  Dkt. 1, Compl. ¶ 17.  The standard for proof of discrimination is the same under ELCRA as Title VII.  *See Lytle v. Malady (On Rehearing)*, 458 Mich. 153, 181 and n.30 (1998) (ELCRA); *Town v. Michigan Bell Tel. Co.*, 455 Mich. 688, 695 (1997).

### 2.      Plaintiff Cannot Establish a *Prima Facie* Case of Gender Discrimination

Plaintiff cannot establish a *prima facie* case of gender discrimination because he does not assert, and cannot establish, that similarly situated employees outside the protected class were treated differently.  To be deemed "similarly-situated," the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.  *Mitchell*, 964 F.2d at 583.  The plaintiff and the employee with whom the plaintiff seeks to compare himself must be similar in "all of the relevant aspects."  *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998).

Here, Plaintiff has failed to identify any allegedly similarly-situated female employee.  The only employee to whom Plaintiff compares himself is a male Vice President[4] who Plaintiff mistakenly believes was accused of sexual harassment and was not suspended or terminated.   TR at 46-47, 164-65.  This individual was the same gender as Plaintiff, and therefore, whatever his treatment, it does not establish differential treatment between Plaintiff and a female employee.  *See e.g.*,

---

[4] The individual Plaintiff identified as a Vice President was actually an Associate Vice President.

*Sperber v. Nicholson*, 342 F. App'x 131, 132 (6th Cir. 2009) (where supposed comparators were in the same protected class as plaintiff, he failed to offer evidence that similarly situated non-protected individuals were treated differently); *Lester v. Logan's Roadhouse, Inc.*, No. 2:10-CV-02138-JPM, 2014 WL 346719, at *8 (W.D. Tenn. Jan. 30, 2014) (similar) (unpublished cases are attached in alphabetical order at Tab F).

Further, the supposed comparator (even if he were female) is not similarly situated to Plaintiff, as he did not work in the OEO or report to Lessem, and was not accused of sexual harassment. Lessem Dep. at 26-27. Because Plaintiff cannot set forth a *prima facie* case of discrimination, summary judgment should be granted.

### 3. Plaintiff Has No Evidence to Show that Wayne State's Reason for his Termination was a Pretext for Gender Discrimination.

Even if Plaintiff could set forth a *prima facie* case (which he cannot), Wayne State had a legitimate, non-discriminatory reason for terminating his employment – an investigation into allegations by a female work-study student in the OEO that Plaintiff engaged in inappropriate conduct towards her found the allegation to be credible. Lessem Dep. 8, 14-18, 33, 36-43, 48, 54-55; Ex. 1 pp. 14-32 and Ex. 3. Plaintiff cannot show this reason was a pretext for unlawful gender discrimination.

A plaintiff cannot establish pretext merely by denying that he engaged in the conduct that led to his termination. *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530

(6th Cir. 2012); *Braithwaite v. Timken Co.*, 258 F.3d 488, 494-495 (6th Cir. 2001); *Burton v. Kroger,* No. 11–cv–12783, 2012 WL 1392084, at *7 (E.D. Mich. Apr. 20, 2012). Rather, the plaintiff must show pretext by establishing: (1) that the stated reasons had no basis in fact; (2) that the stated reasons were not the actual reasons; or (3) that the stated reasons were insufficient to explain the employer's action. *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2006); *Loyd v. St. Joseph Mercy Oakland/Trinity Health SJMO Pub. Safety Dep't*, No. 12-12567, 2013 WL 4805751, at *4 (E.D. Mich. Sept. 9, 2013), *aff'd*, 766 F.3d 580 (6th Cir. 2014).

If an employer has an "honest belief" in the nondiscriminatory basis upon which it has made its decision, then the employee will not be able to establish pretext, even if the decision is ultimately shown to be mistaken, foolish, trivial, or baseless. *Chen*, 580 F.3d at 401; *Majewski v. Automatic Data Processing, Inc.,* 274 F.3d 1106, 1117 (6th Cir. 2001). The "key inquiry . . . is 'whether the employer made a reasonably informed and considered decision before taking' the complained-of action." *Michael v. Caterpillar Fin. Servs. Corp.,* 496 F.3d 584, 598–99 (6th Cir. 2007) (quoting *Smith v. Chrysler Corp.,* 155 F.3d 799, 807 (6th Cir. 1998)). Applying this standard, courts have found that a termination decision satisfies the honest belief standard where it is based on the results of an investigation that included interviews of witnesses and ultimately concluded that

12

the allegations were credible.  *See Sanford v. AXA Equitable Life Ins. Co.*, No. 09–12190, 2010 WL 5088809 (E.D. Mich. Dec. 8, 2010) (where plaintiff was accused of engaging in improper behavior, an investigator interviewed multiple witnesses and determined that the complainant's story was more believable than plaintiff's, resulting in plaintiff's discharge, court applied honest belief rule and dismissed race discrimination claim); *Curry v. SBC Comm., Inc.*, 669 F. Supp.2d 805, 828-829 (E.D. Mich. 2009) (possibility that witnesses lied in investigation and plaintiffs were not actually guilty of harassment "is of no consequence", as defendant acted upon an honest belief in non-discriminatory reason and made a reasonably informed and considered decision).

Here, Mr. Lessem made a reasonably informed and considered decision, satisfying the honest belief standard.   The undisputed evidence is that Wayne State hired an experienced attorney specializing in employment law to investigate the student's allegations regarding Plaintiff's conduct.   Based on the investigator's report and consideration of the fact that Plaintiff worked in the OEO, which is charged with enforcing Wayne State's policies against discrimination and harassment, Mr. Lessem decided that Plaintiff could not continue in his employment.  Lessem Dep. 8, 14-18, 33, 36-43, 48, 54-55; Ex. 1 pp. 14-32 and Ex. 3.  Plaintiff offers nothing to show that Mr. Lessem did not have an honest belief in the reasons for the discharge.  He simply denies he engaged in the conduct.  TR at

13

104.  This is insufficient to establish pretext.  *Tingle*, 692 F.3d at 530; *Braithwaite*, 258 F.3d at 494-495.

Moreover, the decision maker with respect to Plaintiff's termination was a male, the same gender as Plaintiff, which "considerably undermines the probability that [sex] was a negative factor in the employment decision."  *Hayes v. Best Brands Corp.*, No. CIVA 10-2581-CM, 2011 WL 3847160, at *4 (D. Kan. Aug. 26, 2011), *quoting Almon v. Goodyear Tire & Rubber Co.*, No. 07–4101–SAC, 2009 WL 1421199, at *7 (D. Kan. May 20, 2009).  The record contains absolutely no evidence that Mr. Lessem harbored a discriminatory animus against Plaintiff because he was a male and terminated him because of that animus.  Summary judgment should be entered for Wayne State on Plaintiff's claim of gender discrimination.

## B.    Plaintiff Does Not Establish A *Prima Facie* Case of Hostile Work Environment Based on Sex or Gender.

### 1.    Proof of Hostile Work Environment

To establish a *prima facie* case of hostile work environment sexual harassment, Plaintiff must establish that (1) the sexually harassing behavior was unwelcome, (2) the harassment was based on sex, (3) the harassing behavior was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, and (4) the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action.  *Knox v. Neaton*

*Auto Prods. Mfg.*, 375 F.3d 451, 459 (6th Cir. 2004).  Under the ELCRA, Plaintiff also must prove that the conduct was "sexual in nature."  *Haynie v. State of Michigan*, 468 Mich. 302, 312 (2003).  *See also Corley v. Detroit Bd. of Educ.*, 470 Mich. 274, 279 (2004) (under ELCRA "actionable sexual harassment requires conduct or communication that inherently pertains to sex").

To determine whether a work environment is "hostile" or "abusive," courts look at the totality of the circumstances, both subjectively and objectively.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22, 23 (1993).  An objectively hostile environment is characterized by harassment "that a reasonable person would find hostile or abusive," while a subjectively hostile environment is one where the victim "perceives that the conditions of employment have been altered by the discriminatory conduct." *Id.* at 21-22.  "[C]onduct must be extreme to amount to a change in the terms and conditions of employment."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

> [Title VII] does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex.  The prohibition of harassment on the basis of sex requires neither asexuality nor androgyny in the workplace; it forbids only behavior so objectively offensive as to alter the "conditions" of the victim's employment.  Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview.  We have always regarded that requirement as

15

> crucial, and as sufficient to ensure that courts and juries do not mistake ordinary socializing in the workplace— such as male-on-male horseplay or intersexual flirtation—for discriminatory "conditions of employment."

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (internal citations omitted).

### 2. Plaintiff Does Not Allege Severe and Pervasive Conduct Based on Sex

Here, the conduct Plaintiff alleges falls woefully short of the standard for severe and pervasive harassment based on sex. Plaintiff asserts that the following constitute sexual harassment:

- An incident in which Plaintiff was asked if a woman who came into the office was his wife because her name "Dellashon" sounded like "Della Shines," AT mimicked Dellashon's voice (which Plaintiff felt was "sexual badgering"), another co-worker asked if Plaintiff was in a relationship with Dellashon, and AT asked if Dellashon was there to interview for AT's job;

- The incident which led to the finding that Plaintiff had engaged in inappropriate conduct towards the student employee. In Plaintiff's depiction, AT "got in Plaintiff's face" and came within five inches of him and he had to step back, and he felt that she was trying to solicit a kiss on the cheek from him when he wished her a Happy

16

Thanksgiving;

- AT showed up at the restaurant where Plaintiff was being interviewed regarding AT's harassment complaint.  Plaintiff asserts that she looked at Plaintiff and smiled but did not say anything (which Plaintiff felt was "stalking" of himself and the investigator). (Plaintiff had  suggested the restaurant as the site for his interview with the investigator, and there is nothing in the record suggesting how AT might have known that they would be there);

- Plaintiff's male co-worker looked at Plaintiff's LinkedIn profile at least ten times in 2013-2014;

- Plaintiff's male co-worker looked up his salary (which was publicly accessible since he was an employee of Wayne State);

- AT made a complaint of sexual harassment about Plaintiff.

TR at 34-44, 58-65, 80-97, 120, 126-35, 157-159.

As a matter of law, such allegations do not constitute sexual harassment or harassment based on gender.  First, there is no evidence that any of the conduct was based on sex, sexual in nature, or due to hostility to the presence of males in the workplace.  Four of the allegations—viewing a publicly accessible LinkedIn profile, looking up Plaintiff's salary, one incident of mild teasing about Plaintiff's hypothetical romantic relationship with Dellashon, and AT coincidentally showing

17

up at a restaurant—are completely nonsexual on their face.  Further, it is difficult

to see how AT making a complaint about sexual harassment would be considered

sexual harassment of Plaintiff.

Second, even if the conduct could be considered sexual or based on gender,

the complained of conduct is not severe and pervasive conduct amounting to a

hostile work environment.  Plaintiff testified that AT "never flirted with me" and

was "professional" at all times, except for the one incident that occurred just before

Thanksgiving break in 2014.  TR 35-36, 80-82.  He described this incident as

follows:

> She came in the door [to the office], she got in my
> personal space like she wanted a kiss and she turned her
> cheek after she had got real close up in my personal
> space like she wanted me to give her a kiss on the cheek.
> I didn't give her one.  She seemed like she was very
> angry.  She left the office.

TR at 93.  AT's supposed attempt to solicit a kiss on the cheek from Plaintiff is the

only possible sexually harassing behavior Plaintiff described.[5]  However, this brief

incident, which did not even involve touching according to Plaintiff's account,

does not meet the standard for severe and pervasive sexual harassment as a matter

---

[5] AT reported that Plaintiff attempted to kiss her on the lips and actually did kiss
her cheek when she turned her head.  While there is a certain cynicism in asserting
that the very incident of which AT complained to Mr. Jones was actually a form of
sexual harassment on AT's part, for the purpose of summary judgment, Defendant
will not contest Plaintiff's allegation that AT attempted to solicit a kiss on her
cheek.

of law.[6]

"It is universally accepted by federal courts that isolated incidents, unless extremely serious, are not sufficient to support a hostile work environment claim." *Reisinger v. Ann Arbor Nights, Inc.*, 2008 WL 5062888, *7 (E.D. Mich. Nov. 25, 2008) (single incident where co-worker grabbed plaintiff's arm and asked her to "make sex" with him was inappropriate and highly offensive, but did not establish a hostile work environment). This is because "Title VII imposes liability on an employer for a hostile "environment" created by co-workers and not a hostile act; an isolated act does not create an ongoing environment for which an employer is liable." *Bonot v. Sinseki*, 2009 WL 3125709, *14 (E.D. Mich. Sept. 25, 2009). Plaintiff's allegations clearly do not meet the standard for severe and pervasive harassment based on his gender.

Moreover, Plaintiff did not complain of any of these incidents, let alone assert that they individually or collectively reached the level of sexual of harassment, until after his employment was terminated, and he cannot show that Wayne State knew of the harassment and failed to act. Plaintiff first complained that he was sexually harassed when he filed his EEOC charge on January 15, 2015, after his termination. TR 135, Ex.15. (Even then he did not mention AT's

---

[6] This is especially so given the power imbalance of the relationship, where Plaintiff was a regular full-time employee overseeing AT, and AT was a part-time work-study student who was less than half his age.

supposed offering of her cheek.)  Plaintiff's hostile work environment claim must be dismissed.

## C. Summary Judgment Should be Granted on Plaintiff's Retaliation Claim.

### 1. Standard of Proof of Retaliation

To set forth a *prima facie* case of retaliation, Plaintiff must demonstrate: (1) that he engaged in protected activity; (2) that the protected activity was known to defendant; (3) that he suffered a materially adverse employment action; and (4) causation between the protected activity and adverse employment action. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006); *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 595 (6th Cir. 2007); *Rymal v. Baergen*, 262 Mich. App. 274 (2004); *Barrett v. Kirkland Cmty. College*, 245 Mich. App. 306, 315 (2001).  To establish a causal connection, Plaintiff must demonstrate that "the adverse action would not have been taken had the plaintiff not filed a discrimination action."  *Allen v. Michigan Dep't of Corrections*, 165 F.3d 405, 413 (6th Cir. 1999).  Conclusory allegations are insufficient to establish causation.  *Id.*

If a plaintiff establishes a *prima facie* case of retaliation, the employer must then articulate a legitimate, non-retaliatory reason for its actions.  *Michael*, 496 F.3d at 597; *Williamson v. BASF Corp.*, 2007 WL 172533, at *8 (E.D. Mich. Jan. 19, 2007).  Once the employer does so, the plaintiff may survive summary

20

judgment only by presenting admissible evidence that creates a genuine issue of material fact as to whether the articulated reasons were a pretext for retaliation. Similar to in the discrimination context, pretext may be demonstrated by showing that the articulated reason (1) has no basis in fact; (2) did not actually motivate the challenged conduct; or (3) was insufficient to motivate the challenged acts. *Michael*, 496 F.3d at 597.

### 2.     Plaintiff's Retaliation Claim is Without Merit

As an initial matter, Plaintiff cannot show causation because the only protected activity in which he engaged—filing an EEOC charge—occurred after his employment was terminated.  In order to constitute retaliation for protected activity, the adverse employment action must occur after the protected activity. *Thomas v. Avon Products, Inc.*, 276 F. App'x 484, 486 (6th Cir. 2008); *Robinson v. Radian, Inc.*, 624 F. Supp.2d 617, 638 (E.D. Mich. 2008).

Plaintiff did not make any complaints to Wayne State.  TR at 119, 123; Ex. 15; Lessem Dep. 34-36.  His only protected activity was filing his EEOC charge, which he did on January 15, 2015.  Tr. Ex. 15.  But Plaintiff's employment had been terminated effective January 12, 2015, via Mr. Lessem's letter of January 6. The termination could not possibly have been due to the filing of the EEOC charge, and Plaintiff cannot establish a prima facie case of retaliation.

Further, as explained *supra* IV.A.3., Defendant had a legitimate reason for Plaintiff's termination:  its belief based on the results of an investigation that he had attempted to kiss a student employee over whom he had supervisory authority, conduct inappropriate for any Wayne State employee and particularly so for someone who worked in Office of Equal Opportunity.

An employee cannot be permitted to distort the purposes of the anti-retaliation provisions of Title VII in the way Plaintiff attempts to do here, using a charge of discrimination as a way of deflecting allegations brought against himself. His retaliation claim should be dismissed.

**D.    Plaintiff's Claims of Gender Discrimination and Retaliation Under Title VII Should Be Dismissed Because He Did Not Bring Such Allegations in His EEOC Charge.**

As a prerequisite to filing suit under Title VII, a plaintiff must file an administrative charge with the EEOC or Michigan Department of Civil Rights ("MDCR") regarding the alleged violation.  42 U.S.C. § 2000e-5(b), (e), and (f). Only allegations contained in the charge (or that reasonably can be expected to grow out of the charge) may be considered within the scope of the charge.  *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 832-33 (6th Cir.1999).

Here Plaintiff filed an EEOC charge on January 15, 2015, complaining only that "since 07/02/2014, but most recently on 11/25/14, I have been subjected to improper comments of a sexual nature by my co-workers." TR 135, Ex.15.  He did

not complain about AT supposedly attempting to solicit a kiss on the cheek, his suspension, the fact that AT showed up at the restaurant after he was interviewed by the investigator, his termination, the viewing of his LinkedIn profile, or looking up his salary – all of which supposedly had occurred well before the time he filed his charge.  Any claims under Title VII other than that Plaintiff was subject to improper comments of a sexual nature by his co-workers (which he did not assert at deposition) should be dismissed for failure to exhaust his administrative remedies with the EEOC.

## V.   **CONCLUSION**

As set forth above, there is no genuine issue of material fact, and pursuant to Federal Rule of Civil Procedure 56, summary judgment should be entered in Wayne State's favor on all of Plaintiff's claims.[7]

Respectfully submitted,

KIENBAUM OPPERWALL
  HARDY & PELTON, P.L.C.

By: */s/Elizabeth P. Hardy*
    Elizabeth P. Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
Dated:  June 10, 2016    tdavis@kohp.com

---

[7] Defendant intends to file a motion seeking its attorney's fees.  Although it is not common for a defendant to seek its fees in a civil rights action, this is one case where it is clearly justified.  A plaintiff may be assessed his opponent's attorney's fees in a civil rights case where "his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).  Moreover, "[I]f a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."  *Id.*   All of Plaintiff's claims are frivolous, unreasonable and groundless.  Further, it appears that Plaintiff brought his lawsuit in an effort to avoid the termination of his own employment, a bad faith motive.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record, and I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

(no manual recipients)

*/s/Elizabeth P. Hardy*
Kienbaum Opperwall Hardy & Pelton, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
(P37426)

250886