UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINSTON SHINES,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY,
A Michigan Corporation,

    Defendant.

Case No: 15-cv-11599

Hon. Gershwin A. Drain

---

| | |
|---|---|
| Lance W. Mason (P43926) | Elizabeth P. Hardy (P37426) |
| LANCE W. MASON, P.C. | Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | KIENBAUM OPPERWALL HARDY |
| 615 Griswold, Suite 901 | & PELTON, P.L.C. |
| Detroit, Michigan 48226-3894 | Attorneys for Defendant |
| (313) 967-9016 (office) | 280 North Old Woodward Avenue |
| (313) 964-4789 (facsimile) | Suite 400 |
| lancewmason@yahoo.com | Birmingham, Michigan 48009 |
| | (248) 645-0000 |
| | (248) 645-1385 (facsimile) |
| | ehardy@kohp.com |
| | tdavis@kohp.com |

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Winston Shines fails to raise a genuine issue of material fact regarding any of his claims, and summary judgment should be entered in favor of Defendant Wayne State University.

**A.   Plaintiff Fails To Establish a Prima Facie Case of Discrimination Or Show That Wayne State's Legitimate Reason for his Discharge Was A Pretext for Gender Discrimination.**

With respect to proof of a prima facie case, Plaintiff no longer compares himself to the male associate vice president he claimed was not terminated after a harassment investigation - apparently recognizing that comparison of himself to another male could not possibly show gender discrimination. Rather, he now claims that he was treated differently from AT because (1) she was not suspended or investigated after Plaintiff told the investigator that AT attempted to solicit a kiss from him, and (2) Mr. Lessem never spoke to Plaintiff about AT's complaints, but did speak to AT. Dkt. 22, Pl. Resp. at 9.

His arguments are without merit. First, Plaintiff and AT were not similarly situated because AT made a complaint about Plaintiff through the normal channels, whereas Plaintiff only mentioned AT's supposed actions defensively, in the context of being questioned about AT's complaint.[1]

---

[1] Plaintiff and AT were not similarly situated for other reasons as well, including that (1) Plaintiff was a full-time employee in the OEO who was twice AT's age and supervised her part-time work study and (2) an investigation found that AT was more credible than Plaintiff.

1

The argument that Mr. Lessem talked to AT regarding her complaint, but he did not talk to Plaintiff, also does not set forth a prima facie case of gender discrimination. Pl. Resp. at 9. Mr. Lessem spoke to AT to determine whether the situation she reported should be investigated – he did not talk to her as part of the investigation. Dkt. 19, Tab A, Lessem Dep. 20-21, 23. Mr. Lessem only assessed AT's credibility in the context of whether it was necessary to have a full investigation. *Id.* at 23.[2] Once Mr. Lessem determined that an investigation should occur, he turned the matter over to an outside investigator. It is also undisputed that Mr. Lessem's decision to terminate Plaintiff was made "overwhelmingly based on the report" of the investigator and not his brief conversation with AT when he was determining whether an investigation was necessary. *Id.* at 15.

Finally, Mr. Lessem did not consider Plaintiff's statement to the investigator as a complaint. Plaintiff had worked in the OEO for a period of time and knew how to lodge a complaint if that was his intent. *Id.* at 35-36. For all of these

---

[2] In that context, Mr. Lessem found AT credible because (1) her report to him was consistent with what she had previously told the OEO Director; (2) if she were making up a story, he would have expected a more dramatic lie, not just an attempted kiss on the lips; and (3) there was no indication that AT was trying to get money or anything else out of reporting the conduct. Lessem Dep. at 22-25. If Mr. Lessem had considered AT's statement to him to be an investigation or have dispositive significance, he could have terminated Plaintiff after speaking to her. Instead, he hired an outside investigator and Plaintiff was placed on paid suspension until the investigation was complete.

reasons, Plaintiff cannot establish a prima facie case of discrimination through comparison of his treatment to that of AT.

Plaintiff also does not raise a fact issue regarding whether Wayne State's legitimate reason for his termination was a pretext for gender discrimination. First, he argues that he did not engage in the conduct for which he was discharged. Pl. Resp. at 11. Mere denial of the conduct leading to discharge cannot defeat a motion for summary judgment on the issue of pretext. *See* cases cited in Dkt. 19, Def. Br. at 11-12.

Second, Plaintiff again condemns the investigation and decision-making process, arguing that the fact that Mr. Lessem did not speak with him shows pretext. Pl. Resp. at 11. However, this criticism does not demonstrate that Mr. Lessem lacked an honest belief in the nondiscriminatory reason for the termination, and, thus, does not show pretext. *See cases* cited in Def. Br. at 12-13. *See also Younger v. Ingersoll-Rand Co.*, No. 1:10-CV-849, 2013 WL 5467763, at *18 (S.D. Ohio Sept. 30, 2013) (granting summary judgement on race discrimination claim, criticism of employer's investigation for not interviewing witnesses identified by plaintiff "is not sufficient to demonstrate pretext. If anything, that evidence might show that [the employer's] investigational methods

3

are less than perfect.").[3] In any event, it is undisputed that Mr. Lessem's decision was based on the investigator's report, and the investigator had spoken to Plaintiff. Lessem Dep. at 38. Plaintiff's statements and credibility – or lack thereof – in fact were considered. Plaintiff fails to establish an issue of fact as to whether Wayne State's legitimate, non-discriminatory reason for his termination was a pretext to get rid of him because he is a male.[4]

**B.    Plaintiff Does Not Establish Severe and Pervasive Harassment Based on Gender or Sex**

---

[3] Plaintiff criticizes Wayne State for hiring a law firm that it had used before to perform the investigation. Pl. Resp. at 3. Even if this meant that the investigator was biased in favor of Wayne State, that does not lead to the conclusion that the investigator was biased against Plaintiff. If the investigator were biased in favor of Wayne State, it would be equally, or perhaps more likely, that the investigator would be biased against the person who complained, AT, not against the alleged harasser, Plaintiff. There is no evidence in the record that the investigator was biased in any way. Mr. Lessem believed the investigation was done in an independent manner and he noted that the law firm that investigated the matter is "one of the most widely respected firms in Michigan in this area." Lessem Dep. at 43-44.

[4] Plaintiff asserts that the University's Discrimination and Harassment Complaint Process was not followed, but he does not say how the process was not followed. Pl. Resp. at 2. This does not establish pretext either. Plaintiff also claims that Defendant did not consider AT's concerns about job security as a possible motive for her complaint. Pl. Resp. at 11. However, Wayne State had no reason to believe that AT was concerned about her job security, and there is no evidence in the record that AT had such a concern. The question regarding AT's position was how much of the funding for her position would come from the departmental budget and how much would be funded through financial aid work study – not whether she would have a job. Lessem Dep. at 29, 51-53; Pl. Resp. at 3.

The allegations that Plaintiff asserts are sexual harassment, even if true, do not constitute a hostile work environment. His Response claims that (1) AT asked for a kiss, (2) Plaintiff was "badgered" about having sex with another employee, (3) Plaintiff was "stalked" by AT at a restaurant, and (4) Plaintiff was followed on social media by OEO investigator Tommy Martin and/or AT. Pl. Resp. at 12. The coincidental appearance of AT at a restaurant and the following of Plaintiff on social media simply do not constitute harassing conduct based on sex or gender. These are everyday occurrences that are not in the least bit inappropriate, let alone inappropriate on the basis of gender.

Nor are the other two allegations severe and pervasive conduct based on sex. Plaintiff testified that one co-worker asked if he was in a relationship with an individual who came in to the OEO and AT asked if the individual was his wife, as her name sounded like "Della Shines." TR at 81-91. These questions and the supposed request for a kiss on the cheek occurred on a single day, about 30 minutes apart. TR at 90. The two occurrences did not permeate the work environment, and they were not severe in terms of their content. No touching, sexual propositions, indecent exposure or obscenities were alleged. Plaintiff's sexual harassment claim is utterly frivolous.

**C.     Plaintiff's Retaliation Claim Cannot Survive Summary Judgment**

Plaintiff now states that his protected activity was not the EEOC charge, but telling the investigator during the interview that AT offered her cheek for a kiss, AT and Mr. Martin teased him about being in a relationship with another employee, and AT and/or Mr. Martin looked at his LinkedIn page. Pl. Resp. at 13. This argument fails. Even if what Plaintiff said in the interview could be considered a complaint, a complaint is only protected opposition under Title VII where plaintiff has "'a reasonable . . . belief that the opposed practices were unlawful.'" *EEOC v. Rocket Enters.*, 2008 WL 724613, at *4 (E.D. Mich. Mar. 18, 2008), quoting *Johnson v. University of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (plaintiff did not engage in protected activity because a reasonable person could not believe the conduct of which she complained – one sexually explicit comment in a meeting with two males – constituted a hostile work environment). A reasonable person would not have thought that a report to the investigator about a student-employee putting her cheek up for a kiss, being teased once about being in a relationship, and someone looking at his public LinkedIn profile was a report of unlawful practices.

In any event, there is no basis in the record for a finding that the above-referenced statements by Plaintiff to the investigator were a factor in Mr. Lessem's decision to terminate Plaintiff. Further, for the reasons set forth above at pages 3-

6

4, Plaintiff has not shown that Mr. Lessem's reason for terminating his employment was a pretext for retaliation.

**D.     The Title VII Allegations That Were Not Included in Plaintiff's EEOC Charge Must Be Dismissed.**

The only allegation contained in Plaintiff's EEOC Charge concerned improper comments of a sexual nature by his co-workers.  TR 135, Ex. 15.  Plaintiff cannot, and does not, dispute this.  Nor does he dispute the legal proposition that in order to pursue an allegation in federal court through a Title VII claim, a plaintiff must raise such allegation in charge with the EEOC.  See Def. Br. at 22.  Thus, Plaintiff's Title VII allegations of (1) retaliation (2) discrimination and (3) harassment allegations that AT attempted to solicit a kiss, his co-worker looked at his LinkedIn profile, and that AT appeared at the restaurant where he was being interviewed must be dismissed for failure to exhaust the EEOC process.

        Respectfully submitted,

        KIENBAUM OPPERWALL
         HARDY & PELTON, P.L.C.

        By: */s/Elizabeth P. Hardy*
          Elizabeth P. Hardy (P37426)
          Thomas J. Davis (P78626)
        Attorneys for Defendant
        280 N. Old Woodward Avenue, Suite 400
        Birmingham, MI  48009
        (248) 645-0000
        ehardy@kohp.com

Dated:  July 26, 2016        tdavis@kohp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record, and I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

(no manual recipients)

*/s/Elizabeth P. Hardy*
Kienbaum Opperwall Hardy & Pelton, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
(P37426)

256281